# Peal v. Commonwealth.

(Decided September 30, 1930.)

CROSSLAND & CROSSLAND and W. A. BERRY for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Bert L. Peal and J. A. Ross were jointly indicted for the murder of John Mitchell. On a separate trial Peal was found guilty and his punishment fixed at two years' imprisonment in the penitentiary. He appeals.

Peal and Ross were policemen in the city of Paducah. On August 7, 1927, Mitchell and five other men were engaged in shooting craps on the bank of the Ohio river within the city limits. Having knowledge

of the game Peal and Ross proceeded to the place for the purpose of arresting the participants. According to the evidence for the commonwealth the two officers came through the bushes with their guns in their hands, and one of them shouted ''Stop, or we will kill every damn one of you.'' When this occurred all the participants in the game, with the exception of one, began to run. Thereupon the officers fired several shots. According to some of the witnesses the guns were aimed on a level and in the direction of the fleeing men. Peal carried a 38 gun, while Ross carried a 45. A few minutes later the deceased John Mitchell was found in a cornfield nearby, with a bullet wound in his back near the left shoulder. The bullet taken from his body was a 38. On the other hand Peal denied that either he or Ross said, ''Stop, or we'll kill every damn one of you.'' He says that when they stepped out of the willows somebody said, ''There is the law, we had better leave here,'' and the men started to run. He then shot once in the air for the purpose of frightening them. He then started running and after running about 20 feet he stumbled and fell and his pistol went off. He never intended to shoot any of the men, did not see Mitchell fall, and did not know that he had shot any one until about 50 minutes later when he was told that Mitchell had been found dead in the cornfield. In addition to this, Peal proved a good reputation. In rebuttal there was evidence to the effect that Peal did not stumble when he fired the shot.

The court instructed on murder, manslaughter, aiding and abetting, reckless, wanton, or grossly careless handling of a pistol, and accidental killing.

The principal ground urged for reversal is that the court erred in failing to instruct on involuntary manslaughter. In the case of Lewis v. Commonwealth, 140 Ky. 652, 131 S. W. 517, 519, the precise question was involved. Lewis was an officer, and Puckett was fleeing from him. He testified that he did not intend to shoot Puckett, that he fired over his head, and that he stumbled and his gun wabbled, and he shot him accidentally. In holding that the accused was entitled to an instruction on involuntary manslaughter the court said: ''If the officer undertook to shoot over Puckett's head, and had reason to know that to shoot as he did would endanger his life, and fired the pistol recklessly and with-

out malice, he is guilty of voluntary manslaughter; for the law for the protection of life puts the risk on him who willfully and recklessly does the act endangering it. But if he did not intend to shoot at Puckett at all, and the pistol was discharged involuntarily by reason of his stumbling, then the act would be an accident, if the officer was not negligent in carrying the pistol as he did. If he did not exercise reasonable care in handling his pistol, and from this cause fired the shot, he was guilty of involuntary manslaughter, though he did not intentionally fire the shot that killed Puckett.'' In Clem v. Commonwealth, 198 Ky. 486, 248 S. W. 1036, the court announced the same rule, and held that, where there was evidence that defendant, an officer, did not intend to shoot an escaping prisoner, but the jury might have found that he did not exercise reasonable care in handling his weapon, an instruction on involuntary manslaughter was proper.

We are further of the opinion that no instruction on voluntary manslaughter should have been given. There was no affray, sudden or otherwise. The participants in the game did not attack or resist the officers in any way. They did not apply any epithets to the officers, or say anything other than ''There is the law, we had better leave here.'' All that they did was to run away, and it hardly can be said that this conduct constituted provocation reasonably calculated to excite appellant's passion beyond the power of his control. We so ruled in Lewis v. Commonwealth, supra.

In view of another trial, it becomes necessary to determine the question whether appellant's aiding or abetting Ross should have been submitted to the jury. The evidence discloses that Ross carried a 45, and appellant carried a 38, and that the bullet taken from the back of the deceased was a 38. In the circumstances there can be no doubt that Peal shot the deceased. That being true, no instruction on aiding and abetting Ross should have been given.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.